Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICA CHANDLER,<br><br>Plaintiff,<br>v.<br><br>PHOENIX FINANCIAL SERVICES, LLC, an Indiana limited liability company and PIONEER CREDIT RECOVERY, INC., a Delaware corporation.<br><br>Defendants. | Case No.: 4:18-cv-385<br><br>**COMPLAINT** |

COMES NOW the Plaintiff Patricia Chandler, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges his causes of action against Defendants as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Patricia Chandler is a natural person residing in Bannock County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Phoenix Financial Services, LLC is an Indiana limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 8902 Otis Ave, Suite 103A, Indianapolis, IN 46216.

4. Phoenix Financial is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Phoenix Financial is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. Defendant Pioneer Credit Recovery is a Delaware corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 2001 Edmund Halley Dr., Reston, VA 20191.

7. Pioneer Credit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Pioneer Credit is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

11. On or about January 8, 2018, Phoenix Financial sent Ms. Chandler a letter regarding a pair of student loans she had taken out to pay for graduate school.

12. The letter informed her that Phoenix Financial had been assigned her defaulted loans for collection by the owner of the loans, Great Lakes Higher Education.

13. On February 21, 2018, Ms. Chandler called Phoenix Financial in response to the letter.

14. A representative informed Ms. Chandler that she could enter into a Loan Rehabilitation Plan which would enable her to get her loans out of default.

15. The plan required nine monthly payments in a 10-month period.

16. Ms. Chandler made her first payment of $60.26 that day on the phone.

17. The representative provided instructions on how to make future payments online.

18. Ms. Chandler made online payments of $60.26 to Phoenix Financial on the Loan Rehabilitation Plan on March 25, April 29, May 20, and June 26.

19. For each of those payments, Ms. Chandler received a confirmation number and the payments were debited from her checking account.

20. Ms. Chandler received a letter dated February 23, 2018 from Phoenix Financial memorializing the agreement made by phone on February 21.

21. In April 2018, Ms. Chandler received a letter from Pioneer Credit claiming that it had been assigned her Great Lakes student loans for collection.

22. On or about May 1, Pioneer Credit sent Ms. Chandler another letter demanding payment on her Great Lakes student loans and warned her that if she did not enter into "a satisfactory repayment arrangement" Pioneer Credit may seek an administrative wage garnishment or seek to have her federal or state tax returns diverted.

23. On May 21, 2018, Ms. Chandler and her husband each received voicemails from a Pioneer Credit representative named Larry Stevens.

24. This was the first day of weeks of telephone harassment by Pioneer Credit and Larry Stevens.

25. Mr. Stevens would call Ms. Chandler and her husband several times a day, both at work and on their cell phones.

26. Mr. Stevens also called Ms. Chandler's mother and adult son on a number of occasions and left messages.

27. On or about May 23, 2018, Pioneer Credit sent Ms. Chandler a letter nearly identical to the May 1 letter, with only the balance due higher after accruing interest.

28. On May 22, spoke to a representative from Navient, the servicer of the Great Lakes student loans, who informed her only one payment she had made to Phoenix Financial had been credited to her account.

29. The alleged debt was primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

**COUNT I: VIOLATION OF FDCPA – BY PHOENIX FINANCIAL**

30. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

31. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

32. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

33. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010)

34. 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. Phoenix Financial represented to Ms. Chandler that making payments to it would help get her student loans back on track.

36. However, Phoenix Financial has not applied most of the payments she has made to it to her

account, which has resulted in Great Lakes sending Pioneer Credit and its rabid pitbull, Larry Stevens, after her and her family.

37. Ms. Chandler has suffered stress, anxiety, and sleeplessness due to Phoenix Financial's misrepresentations

38. Ms. Chandler is entitled to statutory and actual damages due to Phoenix Financial's violation.

**COUNT II: VIOLATION OF FDCPA – BY PIONEER CREDIT**

39. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

40. Pioneer Credit has violated 15 U.S.C. § 1692e by misrepresenting the legal status of the debt, by not acknowledging that Ms. Chandler has entered into a repayment plan with Phoenix Financial.

41. 15 U.S.C. § 1692d(5) prohibits harassment or abuse by "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

42. Pioneer Credit has violated that provision by placing multiple phone calls per day to Ms. Chandler, her husband, her mother, and her son, at both their places of work and on their cell phones.

43. Ms. Chandler has suffered stress, anxiety, and sleeplessness due to Pioneer Credit's actions.

44. Ms. Chandler is entitled to actual and statutory damages due to Defendant's violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B. Statutory damages up to $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

D. In the event of default judgment, for attorney fees in the amount of $2,000.00,

E. For Court costs; and

F. For such other and further relief as may be just and proper.

DATED: August 30, 2018.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC